NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0282n.06

No. 09-3357

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 11, 2010
LEONARD GREEN, Clerk

| | |
|---|---|
| JOSEPH COHARA, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| CSX TRANSPORTATION INC., | ) THE NORTHERN DISTRICT OF |
| | ) OHIO |
| Defendant-Appellee. | ) |
| | ) |
| | ) |

Before: GIBBONS, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Plaintiff Joseph Cohara was injured while operating a railroad switch for his employer, defendant CSX Transportation Inc. Cohara sued CSX under the Federal Employers' Liability Act (FELA), but a jury determined that CSX was not liable. Cohara then filed a motion for a new trial, alleging that CSX withheld evidence until shortly before trial. The district court denied the motion, and Cohara now appeals. We affirm.

I.

Cohara worked for CSX as a railroad switchman. On January 10, 2007, he was pulling a switch lever that suddenly became stuck; Cohara felt a pop in his shoulder and told his supervisor that he had been injured. He spent the next few weeks trying to work through the pain, but was finally unable to do so. He then saw a doctor, who told him that his right rotator cuff was torn. The injury prevented Cohara from operating switches, so CSX removed him from railyard duties.

Cohara filed a FELA claim against CSX on August 10, 2007, alleging that his injury was caused by CSX's negligence in maintaining the switch. His theory was that CSX did not grease the switch frequently enough, which caused its lever to jam. The parties engaged in discovery throughout the remainder of 2007 and 2008. CSX filed a motion for summary judgment on October 24, 2008, which the district court denied. Trial was set for December 15, 2008.

On December 5, 2008—ten days before trial—CSX disclosed to Cohara a number of documents that it had not produced earlier. The documents consisted of two CSX employees' personal records, purporting to show that CSX greased the switch only a few days before Cohara's injury. On December 10, Cohara filed a motion for sanctions, arguing that CSX should be barred from using the records at trial because they were not timely produced. Two days later, CSX disclosed still other evidence it had not produced earlier, this time some photographs of the switch. In response, Cohara filed a motion for default judgment.

The district court ultimately did not rule on either of Cohara's motions. Instead, the trial began as scheduled, and CSX introduced much of the recently disclosed evidence without objection from Cohara. Indeed in some instances he introduced portions of it himself. After three days of testimony, the jury returned a verdict finding that CSX was not negligent, and thus not liable for Cohara's injuries. Cohara thereafter filed a motion for a new trial, asserting that CSX's untimely disclosures prejudiced his case. The district court denied the motion.

This appeal followed.

II.

We review the district court's denial of a motion for a new trial for an abuse of discretion. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). To prevail on such a motion, a party must show that he "suffered prejudice" and that "failure to grant a new trial is inconsistent with substantial justice." *Id.* (internal quotation marks omitted).

Cohara argues that the district court did not "bar[] the use of the [untimely] documents at trial," and thereby "prejudiced . . . his ability to obtain a fair trial." Cohara's Br. at 42. But Cohara did not object to the admission of those documents at trial. Consequently, he cannot rely on their admission to show prejudice. *See Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 541 (6th Cir. 1993) (holding that a party "failed to show such prejudice as would warrant the grant of a new trial" when the party, facing evidence that was not timely disclosed, "did not seek a continuance or even . . . move to strike" the evidence); *see also* Fed. R. Evid. 103(a)(1) (stating that an error "may not be predicated upon a ruling which admits or excludes evidence unless . . . a timely objection or motion to strike appears of record"). It is true that Cohara filed pre-trial motions seeking to exclude the documents. But the district court did not rule on those motions, which means that Cohara was required to object to the documents' admission. *See* Fed. R. Evid. 103(a) (stating that a party is relieved from its obligation to object at trial only when "the court makes a definitive ruling on the record"); *see also United States v. Kelly*, 204 F.3d 652, 655 (6th Cir. 2000) (holding that a pre-trial motion that is not ruled upon "is insufficient to preserve an objection to the admission of evidence for appeal" (internal quotation marks omitted)).

Moreover, Cohara could not have shown prejudice even if he had objected. We sympathize with Cohara's frustration at the late disclosure. With the exception of a few photographs and a demonstrative video, however, Cohara had access to all of CSX's evidence at least 10 days before trial. He therefore was not a victim of "trial by ambush" like the plaintiff in *Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987). There, the plaintiff testified at trial, then the defendant introduced—over the plaintiff's objection—a never-before-seen document that directly contradicted the plaintiff's testimony. We granted the plaintiff a new trial, concluding that introduction of the document "irreparably damaged" the plaintiff's credibility. *Id.* Here, as the district court correctly observed, although CSX's late disclosures "may have inconvenienced [Cohara] and caused additional work in the days before trial, [the disclosures] did not constitute unfair or prejudicial surprise." Dist. Ct. Op. at 3.

Cohara also contends that the district court should have excluded a demonstrative video, which CSX disclosed to him only four days before trial. But Cohara again failed to object when CSX introduced the video at trial. Trial Tr. at 247. Moreover, Cohara did not suffer any prejudice because he "had several days to review the video" and therefore could have "present[ed] to the jury [his] arguments regarding the video's credibility[.]" *Amerisure Ins. Co. v. Ex-Cell-O Corp.*, 134 F.3d 370 (6th Cir. 1998) (table).

Cohara next asserts that he is entitled to a new trial because CSX still has not disclosed all of the relevant documents in its possession. This argument was not raised in the district court, so we will not review it here. *See Johnson v. Conn. Gen. Life Ins.* Co., 324 F. App'x 459, 467 n.6 (6th

Cir. 2009) ("We will not review the scope of the specific discovery requests because there appears to have been no objection raised in the district court").

Cohara's final argument is that the district court improperly excluded evidence about his lost wages. That evidence related solely to the calculation of damages, which was moot in the end because the jury rejected liability. Any error in the excluding of this evidence, therefore, was harmless. *Tompkin*, 362 F.3d at 901.

The district court's judgment is affirmed.